# Jonas v. King.

*Action by Physician on Common Count for Services Rendered.*

1. *Common and special counts; when necessary or proper* —The plaintiff can not recover under the common counts, when the evidence shows an express contract, unless it has been fully executed and performed, no duty remaining but the payment of the money by the defendant.

2. *Evidence as to value of services rendered.*—When the plaintiff declares on a *quantum meruit*, for services rendered as a physician, the defendant may prove the real value of the services, or the fact that they were of no value; and, for this purpose, may show the customary charges of physicians in the same neighborhood for like services.

3. *Same; efficacy and ingredients of medicines used.*—The defendant may also prove that the medicine used by plaintiff was worthless, or possessed no efficacy in producing the results for which it was used; and, for this purpose, he may ask the plaintiff, while testifying as a witness for himself, the ingredients and nature of the remedies used by him.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

In this case the action was by the appellee, King, a physician or specialist, against the appellant, Jonas. The declaration was upon the common count for medical services rendered. The evidence disclosed a special agreement between the parties, by which the appellee agreed to cure the appellant of hemorrhoids for $100.00, "no cure no pay." The evidence tended to show that there was a breach of contract on the part of defendant, by his refusal, without sufficient excuse, to submit to further treatment from plaintiff after he had been treated several times; that plaintiff treated defendant the last time on March 17, 1885, and several times thereafter called upon defendant to submit to further treatment, and, defendant not doing so, plaintiff instituted suit May 11, 1885. The defendant asked the plaintiff what was the medicine he used as an injection in treating defendant; plaintiff objected to this question on the ground that the medicine so used by him was his own preparation and discovery. The court sustained the objection and defendant excepted. The defendant then stated that he expected to

[Jonas v. King.]

prove by other witnesses that the medicine was worthless
and would not have benefitted him, if he could ascertain
what the medicine was, and again asked the question. The
court again sustained the plaintiff's objection, made on the
same grounds, and defendant excepted. The defendant then
offered to prove what was the actual value of the services
rendered by plaintiff, and, also, what were the usual charges
for such services by physicians. The court refused, on ob-
jection of plaintiff, to allow this proof to be made, and de-
fendant excepted. The court, of its own motion, charged
the jury, "that if they should find for the plaintiff at all,
they should find for one hundred dollars or nothing."

At the request of plaintiff, in writing, the court also
gave this charge:

"If the jury find that the plaintiff was ready to complete
the execution of his part of the contract, and the defendant
refused to submit himself to treatment by the plaintiff
without good excuse, and the plaintiff waited a reasonable
time before bringing suit, then the plaintiff is entitled to
recover the amount sued for."

The defendant separately excepted to each of these
charges.

ARRINGTON & GRAHAM, for appellant.—1. The complaint is
on a common count for services rendered; the evidence
shows a special contract. A recovery can not be had under
such a count, when the evidence shows only a special con-
tract and its breach.—*Burkham Bros. v. Spiers*, 56 Ala. 547;
*Ala. & Tenn. Rivers R. R. Co. v. Nabors & Gregory*, 37 Ala.
489. 2. The contract was executory and not rescinded.
*Beadle v. Graham's Adm'r.*, 66 Ala. 99; *Snedicor v. Leachman*,
10 *ib.* 330. 3. The plaintiff was entitled to recover only
the value of his services, together with indemnity for the
loss he sustained in respect to the services unperformed."
*Friedlander v. Pugh, Slocumb & Co.*, 43 Miss. 111 (5 Amer.
Rep. 478); *George v. Cahaba &c. R. R.*, 8 Ala. 234; *Ramey
v. Holcombe*, 21 Ala. 567. 4. As to admissibility of evidence
offered, 2 Sutherland on Damages, 442; *Morris v. Redfield*,
23 Vt. 295; *Gleason v. Clark*, 9 Cowan, 57; 1 Brick. Dig.
809, § 83; *Calhoun v. Calhoun*, 41 Ala. 370.

SHAVER & HUTCHESON, *contra.*

SOMERVILLE, J. —The plaintiff in this case declares
on the common count for work and labor done, or, what is
the same thing in legal effect, for medical services rendered
by him at the request of the defendant. The evidence dis-

[Jonas v. King.]

closes a special agreement between the parties by which the defendant promised to pay the plaintiff the sum of one hundred dollars, if he would successfully treat and cure him of a certain disease with which defendant was afflicted. The evidence further tends to show that there was a breach of the contract on defendant's part by his refusal to permit plaintiff to continue his treatment of him, without sufficient excuse.

1. The general rule is that where there is an *express* contract, the plaintiff can not resort to an *implied* one. An exception to the rule, however, is that he may recover on the common counts, although the evidence discloses a special agreement, where such agreement has been executed and fully performed, and no duty remains but the payment of the price in money by the defendant. But so long as the contract continues executory, the plaintiff must declare specially.—1 Chitty on Plead. (16th Am. Ed.) 350 ; *Beadle v. Graham*, 66 Ala. 99 ; 2 Greenl. Ev., § 104 ; *Moulton v. Trask*, 9 Metc. 877 ; *Burkham v. Spiers*, 56 Ala. 547.

The court in its rulings erroneously treated the action as one brought on a special agreement, averring a readiness and ability to perform on the part of the plaintiff.

2. It was competent for the defendant, under the common count for a *quantum meruit*, to prove the real value of the plaintiff's services, or that they were of no value, and, for this purpose, he could show what were the customary charges of physicians for like services in the same locality or neighborhood. The court erred in excluding this evidence.

3. So it was perfectly relevant to prove that the medicine used by the plaintiff was worthless, and possessed no efficacy in producing the results for which it was used. In order to do this, the defendant could prove the ingredients and nature of this medicine. The plaintiff had no property in the secret of his remedy such as the law would privilege him from disclosing. The fear that such disclosure might give others the benefit of his skill would not excuse him in refusing to testify as to the nature of the medicine. His only mode of protection was by procuring a patent for the discovery. When he became a witness, it was for the purpose of testifying to all material and relevant facts within his knowledge not privileged by law from disclosure. The Circuit Court erred in excluding the question having reference to this inquiry.

It will be unnecessary to pass on the other assignments of error, as the questions raised will not probably enter into the consideration of the case on a new trial.

Reversed and remanded.