VANSTORY CLOTHING COMPANY v. STADIEM et al.

(Filed 5 November, 1908).

1. **Issues—Evidential—Matters in Controversy.**

Issues tendered which are evidential and do not present the true matters in controversy are properly refused.

2. **Contract—Breach by Vendee—Vendor in Possession—Vendor's Sale in Good Faith—Measure of Damages.**

On breach of contract by vendee in a sale of a stock of merchandise, the vendor, remaining in possession, may resell the goods with utmost good faith and with diligence as agent of the vendee, and recover, as damages, storage and interest on the purchase price, together with the difference between the price at which it was thus sold and that agreed upon in the contract. The question whether the resale was at a fair price is for the jury. (*Heiser v. Meares*, 120 N. C., 443, cited and distinguished).

ACTION tried before *Jones, J.*, and a jury, August Term, 1908, of GUILFORD. Defendants appealed.

The plaintiff on 15 August, 1906, sold the defendants a stock of goods for $6,900 cash. The defendants gave a check for $500, but it was protested and, no part of the purchase money being paid, the plaintiff retook possession of the goods after the defendants had held them ten days. The evidence for plaintiff is, that it held the goods till 25 October, 1906, subject to defendants' orders, when, after due notice, it sold them for $5,500; that the defendants left the goods in bad

condition and torn up, many being on the floor; that the goods were worth $1,500 more on 15 August than when resold; that the plaintiff lost the use of store-room two months and ten days, storage being worth $20 to $25 per month; that plaintiff used every effort, after defendants' refusal to pay for the goods, to sell them at the best possible price, writing many letters to parties in and out of the State who were likely to buy, and inducing some of them to come to Greensboro to examine the goods; that the defendants were notified that if they did not take the goods the plaintiff would sell them, and the defendants paid no attention to the notice. The defendants offered no evidence.

The defendants tendered as issues:

1. Did the plaintiff resell the goods within a reasonable time, and did he use reasonable diligence in effecting a sale?

2. Was the sale a fair one?

The Court submitted instead: 1. Did the plaintiff and defendants enter into a contract for sale of the goods at the price of $6,900? 2. Did the defendants refuse and fail to comply with the contract of sale? 3. What damage, if any, has the plaintiff sustained by the breach of the contract of sale? The jury responded "Yes" as to the first two issues and $1,500 as to the third.

*John A. Barringer* and *W. P. Bynum, Jr.,* for plaintiff.
*Stedman & Cooke* for defendants.

CLARK, J., after stating the facts: The exception of the defendants as to issues cannot be sustained. Those they tendered were evidential in their nature. Those submitted by the Court were proper. Besides, under the issues offered by defendants, the amount of damages, the true matter in controversy, could not have been determined.

The only other exception requiring our consideration is the refusal of the Court to give the following request to charge, "If the jury shall find from the evidence that the market

value of the goods was $6,900 at the time of the breach of contract, the plaintiff would be entitled to recover nothing, and you will answer the third issue "Nothing." That is to say, if the goods were worth what plaintiff sold them to defendants for, the defendants were privileged to refuse to take them.

This prayer could not be given for many reasons. The breach of contract, nothing else appearing, entitled the plaintiff at least to nominal damages. The plaintiff was also entitled to recover storage, and interest on the purchase price, while making reasonable and proper efforts to resell the goods. Besides, the defendants, after their wrongful act, are not entitled to be allowed, in abatement of damages, the market price at the time of the breach of the contract, but only, if we follow the terms of the issues tendered by themselves, that the goods should be sold within a reasonable time, using reasonable diligence in effecting a sale, and that it should be a fair sale.

In *Grist v. Williams,* 111 N. C., 53, it is held, that, if the vendee refuses to pay for and receive the goods, the vendor has the right either to rescind the contract or resell the goods and recover from the vendee the difference in price. In making such resale he is considered as acting as the agent of the vendee. 1 Benjamin Sales, 1077, *note.* Of course, he must act in the utmost good faith and with diligence. We know not what instructions his Honor gave on this point, but they were satisfactory to the defendants, for they have made no exceptions to the charge.

The defendants rely upon *Heiser v. Meares,* 120 N. C., 443. That was where an executory contract for the manufacture of goods was rescinded before the work was finished, and the Court distinguished between the measure of damages in such a case and in a case like the present, saying: "In a contract for the sale of specific articles then in existence and

ready for delivery when the purchaser refuses compliance, the seller has three remedies at his option: To treat the property—

1. As his own and sue for damages.

2. As the property of the buyer and sue for the price.

3. As the property of the buyer and resell it for him and sue for the difference between the contract price and that obtained on the resale." The latter option was exercised by the plaintiff herein. The Court, in *Heiser v. Meares,* said that a different rule obtained where the contract was for goods thereafter to be manufactured, because when the vendor "was notified of the recission of the agreement, it seems unreasonable that he should continue to manufacture and thus continue to increase his damages." Therefore, in such case, the damages are to be measured "at the time of the breach."

Under the charge herein, to which the appellants did not except and which is therefore not sent up, the jury evidently did not think that the $5,500 obtained on a resale was a fair price, but found that the plaintiff should have obtained something over $6,000, for though the plaintiff was entitled to storage, interest and an allowance for his time as agent in reselling, the damages are assessed at $900. The defendants have no ground to complain.

No error.