# Johnson v. Carden.

## Assumpsit.

(Decided June 18, 1914. 65 South. 813.)

1. *Sales; Warranty; Second Hand Machinery.*—A sale of second hand machinery "f. o. b. cars in good condition" does not raise an implied warranty of its reasonable adaptation to the uses for which it was bought; the term "good condition" implying only that it would be loaded without damage or injury to its condition.

2. *Same; Damages; Rescission.*—Under the evidence in this case, the question of the rescission of the contract of sale by the seller was a question for the jury.

3. *Same; Remedy of Seller; Re-sale.*—Where the possession or control of goods is with the seller and the buyer refuses to accept them without legal cause, the seller may, after notice to the buyer, without breaching the contract on his part, re-sell the goods as the agent of the buyer, observing good faith and due care to conserve all interests.

4. *Same; Instructions.*—A charge asserting that if the seller resumed control of the property and tried to sell it as his property, then the original contract was rescinded and the seller could not recover, was properly refused in the absence of evidence of a resumption of control by the seller.

5. *New Trial; Evidence; Sufficiency.*—Where the evidence was conflicting on the issues as to whether there was an express warranty of the condition of machinery sold, and as to its condition when loaded on the cars by the seller, the action of the trial court in declining to set aside a verdict for plaintiff will not be disturbed on appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by E. S. Carden against T. F. Johnson for breach of a contract to purchase machinery. Judgment for plaintiff and defendant appeals. Reversed and remanded.

VASSAR L. ALLEN, for appellant. There was a rescission of the sale when Johnson declined to receive the machinery, and Carden undertook to sell the same in open market.—*Eagan Co. v. Johnson,* 82 Ala. 233;

*Frith v. Holland,* 133 Ala. 586. Appellant was entitled to the affirmative charge under the fourth count of the complaint.—*Young v. Arntz.,* 86 Ala. 116; *Shepherd v. Dowling,* 103 Ala. 560; *Bingham v. Davidson,* 141 Ala. 551. The court should have given the charges on the rescission of the contract.

JOSEPH E. ROBINSON, for appellee. Under the facts there was a delivery to Johnson.—*Robinson v. Pogue,* 86 Ala. 251; *McCormick v. Joseph,* 77 Ala. 240. It requires mutual consent or agreement to rescind a contract.—24 A. & E. Enc. of Law, 1097; *Keystone M. Co. v. Hampton,* 37 South. 552. Where goods are open to inspection and are actually examined before sale, there is no implied warranty.—*Barnett v. Pollard,* 2 Ala. 195. A vendor is entitled to recover such damages as he has sustained on account of a breach by the buyer.—*School v. Aiken,* 5 Port, 169.

McCLELLAN, J.—This action, instituted by appellee against appellant, is for breach of a contract entered into between Carden as seller and Johnson as buyer, in that Johnson failed to accept the subject-matter of the dealing—viz., machinery—and also failed to ship to Carden 3,000 cement blocks, which was the agreed purchase or exchange consideration for said machinery. The pleas, in short, by consent were: "General issue, breach of warranty, and rescission."

The machinery was, when the parties engaged, located at Oakman, Ala., had been used in plaintiff's sawmill enterprise, and was, to generally describe it, a sawmill outfit, of which a boiler and engine were parts. The buyer (Johnson) was a dealer in second-hand machinery of the general character of that in question. The plaintiff's engagement was to deliver the machinery f. o. b.

cars at Oakman in good condition. The term "good condition" had reference only to assurance that the machinery would be loaded without injury of such sort as to render its condition not good. It did not import a warranty otherwise. The machinery was of the second-hand class; and hence there was no implied warranty of its reasonable adaptation to the purposes and uses for which such machinery is purchased.—35 Cyc. p. 408; *Ramming v. Caldwell*, 43 Ill. App. 175; *Norris v. Reinstedler*, 90 Mo. App. 626. The evidence was in conflict as to whether there was an express warranty of the condition of vital, material parts of the machinery. This was a jury question. When the machinery arrived at directed destination the defendant refused to receive it, because, he asserted, it was then worthless for the purposes for which he purchased it.

While there was evidence to the effect that the machinery was in good condition when loaded on the cars at Oakman—except an inconsequential dent made by the falling of the boiler during the process of loading —yet there was also evidence tending to show that from long use the machinery was practically worthless. So, too, the question of the true condition of the machinery when it was loaded at Oakman—aside from the dent mentioned—was for the jury. On the issues indicated the evidence and reasonable inferences from evidence were in such state that the conclusion of the jury, whichever its view, resolving them could not be criticized, much less condemned. Hence the trial court cannot be said to have erred in declining to disturb the verdict on the ground that it was, on the issues stated, manifestly wrong and unjust.—*Cobb v. Malone*, 92 Ala. 630, 9 South. 738. Of course, if the jury did find that there was no express warranty of the machinery's serviceableness, and that the machinery was secondhand—there

being no implied warranty—this status of thus ascertained fact deprived Johnson of the right to decline to accept the machinery and to refuse to deliver, as contracted, the cement blocks, and, when he did so, resulted in his breach of the agreement. There is nothing in the evidence to show that Carden engaged to repair or to otherwise perfect the machinery. The evidence does show that Johnson went to see the machinery; that it was then set up, the boiler being then incased in the usual way, with the back end and the top covered up; that Johnson looked it over as well as it could be done under those circumstances, and that Johnson did not buy the machinery, but suggested that he would look out for a chance to sell it. It also appears from the evidence that later Johnson found one Hood, who desired to purchase, and so advised Carden, who told Johnson that he preferred to sell to him (Johnson), instead of to Hood, who in turn could sell the machinery to Hood. Now, as before stated, the testimony of the parties is in conflict as to whether any express warranty was given by Carden. There is also dispute between them as to whether Carden offered, when Johnson was inspecting the machinery, to strip the boiler so as to allow a complete view of it by Johnson; an offer of which, if made, it does not appear Johnson took any particular account.

Promptly upon the arrival of the car of machinery at destination Johnson inspected it, and, as he and others affirm, found the boiler in a greatly damaged really unusable condition, and refused to accept it. He so advised Carden, who came to see the machinery. Johnson refused to receive it at all. Carden testified that the machinery—"was not in worse condition than when he [Johnson] saw it at Oakman, except that there was a bent-in place in the smoke box, which could have been

fixed with a stroke or two of the hammer. I did not warrant the condition of the machinery to him in any way when he saw it at Oakman or elsewhere, and he bought it as he saw it. When I looked at the machinery on the car in Birmingham, I tried to get Mr. Johnson to stick to his trade and take it, but he would not do so; and he told me I could do with it whatever I pleased. I said to him that I would not take it back, but that I would see if I could sell it."

Carden then undertook, but failed, to sell it to dealers in that city. Johnson contended, in accordance with other evidence admitted to that end, that Carden rescinded the contract, and on this theory requested these special instructions to the jury, which the court refused:

"(1) I charge you, gentlemen of the jury, that if you believe from the evidence that the plaintiff resumed control of the car of machinery and offered to sell the same as his property, then the original contract between the plaintiff and the defendant was rescinded, and you cannot find for the plaintiff."

"(6) I charge you, gentlemen of the jury, that if you believe from the evidence that after the plaintiff knew of the rejection of the machinery by the defendant, the plaintiff treated the machinery as his own and offered to sell it as his own to other parties, then the original contract was rescinded, and you cannot find for the plaintiff."

The refusal of the first-quoted request for instruction was justifiable on the ground that it was abstract in respect of a material feature of its hypothesis, viz., the resumption of control of the car of machinery by the plaintiff, of which there was no evidence.

Our opinion is that the court erred in refusing the second quoted request for instruction.

[Johnson v. Carden.]

Where the possession or control of goods is with the seller, and the buyer refuses to accept them without legal, justifiable cause, the seller, after notice to the. buyer, may, without breaching the contract on his part, resell the goods as the agent of the buyer, observing good faith and due care to conserve the purpose of that action.—*Penn v. Smith*, 93 Ala. 476, 9 South. 609; Id., 98 Ala. 560, 12 South. 818; Id., 104 Ala. 445, 18 South. 38; 35 Cyc. pp. 519-525. It was open to the jury to find from the evidence that Carden accepted the condition made by Johnson's firm refusal of the goods, after his (Carden's) survey of them, with Johnson, on the car at Birmingham, as a rescission of the contract agreeable to him (Carden) ; and thereupon he (Carden), with full knowledge of the facts and circumstances, elected to treat the machinery as his (Carden's), and entered upon the effort to sell them as his own, in immediate refutation of right of title thereto in Johnson. But, on the other hand, there was evidence tending to invest Carden's (the seller's) conduct in respect of a resale with the legal effect and consequence the general rule before stated imposes. It is manifest that, if Carden, advised as the evidence shows he was, elected upon the occasion to treat the machinery as his own, he could not sustain his right to recover as for the breach of contract counted on.

For the error indicated, the judgment is reversed, and the cause is remanded..

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.