Assumpsit by the Southern States Company against T.L. Long, doing business as the Cash Grain Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.
The complaint contains five counts; the first setting out a contract by defendant with plaintiff to buy, and that defendant did buy of plaintiff a quantity of corn and oats, agreeing to pay therefor the sum of $679.90, and plaintiff shipped said goods in accordance with said contract to defendant at Jasper, Ala., and that when said goods arrived in Jasper, Ala., defendant refused or failed to accept and pay for same. Plaintiff avers that it performed all its part of said contract, and after defendant refused or failed to accept and pay for said goods it sold said goods in the market for $551.68, and was put to much expense, etc., to its damage in the sum of $166.30. Count 2 is practically same as 1. Count 3 sets up a contract to purchase oats, agreeing to pay for same on arrival at Jasper, Ala., in the sum of $171.88, and that plaintiff shipped said oats in accordance with said agreement of sale and purchase, and when the same arrived in Jasper defendant refused or failed to accept and pay for same. Plaintiff sold said oats in the market at a loss of $166.30. Counts 4 and 5 are the common counts.
The pleas set up the contract as set out in the complaint, and allege that on the day the goods arrived at Jasper defendant was continuously away from Jasper for about 40 days, and that during his absence his business was in charge of his agent, H.S. Long, and that neither defendant nor his agent had the money to pay for said corn and oats, and that the same was left in a car at the depot, and that some time thereafter plaintiff's authorized agent was at Jasper, and entered into a contract with defendant to let said corn remain in said railroad car without delivery to defendant, and to extend the time of payment for said corn until such time as defendant returned to Jasper, the defendant agreeing that on his return he would pay purchase price of the corn and oats, and would pay all demurrage or storage charges made by the railroad, but that thereafter, on a later date, and *Page 289 
before defendant had returned to Jasper, another agent of plaintiff came to Jasper and made demand on defendant's agent that said corn and oats be paid for, defendant's agent explaining to plaintiff's agent the contract by which the corn and oats were to be left until defendant should return to Jasper, when payment would be made, and the oats and corn taken out, but, notwithstanding this, plaintiff's said agent broke and violated its said contract and agreement, and without defendant's consent, and over defendant's protest, sold said corn and oats to Phillips Stanley, Jasper, Ala. The third plea is same as the one above set out, with the additional allegation that the oats and corn were sold to Phillips 
Stanley without giving defendant notice that plainitff would hold defendant responsible for the difference in price which defendant was to pay plaintiff for the corn and oats and the price at which plaintiff was to resell said corn and oats to other parties at Jasper. The fourth plea is similar to the second, with the added averment that defendant returned to Jasper on March 23, 1915, and on said date he was able, ready, and willing to pay plaintiff for such corn and oats, and was ready, able, and willing to pay demurrable charges on same as was agreed. The fifth plea was similar to the second, with the additional averment that the sum of $551.68 obtained by plaintiff for said corn and oats was not the reasonable market value of same in Jasper at the time thereof, but that said corn and oats were worth a much larger and greater sum. The sixth plea sets up that after the corn and oats were delivered at Jasper, or arrived there, plaintiff waived defendant's breach of the contract and mutually agreed with defendant to wait on the payment of said corn and oats until defendant should return to Jasper, and that, on defendant's return, plaintiff had already sold and delivered said corn and oats to other parties.
The following are the charges referred to as given for defendant:
(8) Defendant is not liable for any expense incurred by plaintiff in sending its agent to see about the grain shipped to defendant, or in making a sale of said grain to any other person in Jasper, nor is it liable for the expense of any telegram sent by plaintiff or its agent.
(9) Before plaintiff can recover of defendant the difference between the price which defendant was to pay for the corn and oats and the price that Phillips Stanley paid for said grain, *Page 290 
the jury must be reasonably satisfied from the evidence that plaintiff gave defendant reasonable notice of its intention to resell said grain to other parties, and that plaintiff gave notice to defendant or his authorized agent that it would hold defendant liable or responsible for the difference between the price defendant was to pay for said grain and the price at which it was going to be resold to other parties.
(10) Unless the jury are reasonably satisfied from the evidence that plaintiff notified Henry Long, as agent for T.L. Long, that plaintiff was going to hold defendant responsible for the difference between the price defendant agreed to pay for the corn and oats and the price at which plaintiff sold the corn and oats at a resale thereof on March 19, 1915, then plaintiff would not be entitled to recover any damages at all from the defendant. unless the evidence in the case shows that the market value of said corn and oats was less on March 19, 1915, than it was at the time defendant agreed to buy said corn and oats.
(1-3) It is elementary law that a contract may be executed as to one of the parties and executory as to the other. — 9 Cyc. 244 (c). Where one of the parties to a contract has performed everything necessary to be done by him according to the terms of the contract, the contract, so far as that party is concerned, is executed and not executory. — 6 R. C.L. 590, § 9; Denton v. English, 2 Nott McC. (S.C.) 581, 10 Am. Dec. 638. Ordinarily, in the absence of special provisions, a contract of bargain and sale cannot be said to be an executed contract until the property in the thing sold passes from the seller to the purchaser. — Loval v. Wolf, 179 Ala. 505,60 So. 298. When, however, it is stipulated otherwise, as that the goods are to be shipped seller's order notify purchaser, and draft made with bill of lading attached, and it is the intention of the parties that title to the thing sold shall not pass until the draft is paid, the contract on the part of the seller becomes executed when the goods are delivered at the designated point, notice given of their arrival, and the draft with the bill of lading properly indorsed, is tendered to the purchaser for acceptance; and if the purchaser breaches the contract, by failing to accept the bill of lading *Page 291 
according to the terms of the contract, the seller may rely on the breach and resell the goods at the purchaser's risk. — Cleveland v. Heidenheimer (Tex.Civ.App.), 44 S.W. 551;Johnson v. Carden, 187 Ala. 142, 65 So. 813.
(4) Counts 1, 2, and 3 of the complaint aver: "That plaintiff shipped said goods in accordance with said contract to defendant, at Jasper, Ala.; that when said goods arrived at Jasper, Ala., defendant refused or failed to accept and pay for same. Plaintiff avers that it performed all of its part of saidcontract, and after the defendant refused or failed to accept and pay for said goods," etc.
These averments affirmatively show that the plaintiff's right of recovery is rested upon an executed contract on its part, and the defendant's special pleas confess these averments and seek to avoid the plaintiff's right of action by showing a waiver of this right of action by a subsequent contract.
(5, 6) In the absence of conduct creating an estoppel, it is essential to a waiver of an existing right under an executed contract that the agreement relied on as a waiver be supported by a valuable consideration. — Shriner v. Craft, 166 Ala. 146,51 So. 884, 28 L.R.A. (N.S.) 450, 139 Am. St. Rep. 19;Johnson v. Sellers, 33 Ala. 265; Burkham v. Mastin, 54 Ala. 122; Clark v. Jones, 85 Ala. 127, 4 So. 771; Shapley v.Abbott, 42 N.Y. 443, 1 Am. Rep. 548; Ripley v. Ætna Ins.Co., 30 N.Y. 136, 86 Am. Dec. 363. And it is essential to a good plea setting up a waiver that it shows a contract supported by a sufficient consideration (Newton v. Brook,134 Ala. 269, 32 So. 722), or conduct on the part of the plaintiff through which he derived some benefit, or which induced the defendant to change his position to his detriment, constituting an estoppel against the plaintiff to claim the asserted right (Hastings v. Lovejoy, 140 Mass. 261, 2 N.E. 776, 54 Am. Rep. 462; Cooper v. Lindsay, 109 Ala. 338, 19 So. 379) . When these principles are applied, we find that the defendant's second, third, fourth, fifth, and sixth pleas were subject to the demurrers directed against them.
(7-9) By assuming to pay the demurrage charges as set forth in some of these pleas, the defendant assumed no new obligation. This liability resulted from the breach of the contract of sale (35 Cyc. 520 [VIII, D, 7, b]; Vastory ClothingCo. v. Stadiem, 149 N.C. 6, 62 S.E. 778); and this would not constitute a consideration for such waiver (Shriner v. Craft,supra). *Page 292 
And the pleas do not show that the contract of sale of the oats was intended by the parties to operate as a consideration for such waiver. The averments of the sixth plea as to the alleged waiver are but the conclusion of the pleader. — L. N. R. R.Co. v. Calvert, 170 Ala. 565, 54 So. 184; B. R. L. P. Co.v. Saxon, 179 Ala. 136, 59 So. 584. This plea is subject to the further objection, pointed out by the demurrer, that it does not show that the agent was authorized to bind the plaintiff by such contract. — Gulfport Fertilizer Co. v.Jones, infra, 73 So. 145.
(10) Pleas 7, A, B, and C merely set up the defendant's version of the contract as to the sale of the oats, and, if true, the plaintiff had not complied with the contract, and by the resale before the time for performance arrived it breached the contract. This could be shown under the general issue.
(11, 12) Whether the purchaser is entitled to notice of the seller's intention to resell is a question that has been decided both ways in this state. — West v. Cunningham, 9 Port. 104, 33 Am. Dec. 300; Penn Montgomery v. Smith, 98 Ala. 560,12 So. 818; Johnson v. Carden, supra. The first case cited holds that notice is not essential to the seller's right to hold the purchaser for the difference in the contract price and the amount realized at the resale, but the other cases, which are more recent, hold that the purchaser is entitled to notice; but, as the failure to give notice only affects the measure of the plaintiff's recovery, it is a fact that may be offered under the general issue. — Karter v. Fields, 130 Ala. 430,30 So. 504; 2 Greenleaf, Evidence, § 625.
(13) While we do not see the materiality of the declaration of the defendant's agent as to his power "to borrow money in the absence of his father," the question with reference thereto was answered in the negative, and no injury is shown as resulting from the ruling of the court on the appellant's objection.
(14-16) The measure of damages sustained by the great weight of authority in such cases, is "the difference between the contract price and the price received on resale, and expenses of making the sale, and in addition, the cost of storage, interest, and an allowance for his time as agent in reselling (35 Cyc. 520-522); but our court has held an allowance "for the time and expense of the member of the [plaintiff] firm" is not reoeverable. — Penn Co. v. Smith, Grainger, Cantrell,93 Ala. 476, 9 So. 609. This rule is possibly sustainable on the theory that, when the *Page 293 
plaintiff elects to resell the property, he is bound by the result, and is entitled to recover only the difference between the contract price and the price realized by the resale.
The holdings of the Supreme Court justify the giving of charges 8 and 9. Charge 10 ignored the plaintiff's right to recover nominal damages. — Treadwell v. Tillis, 108 Ala. 262,18 So. 886.
Reversed and remanded.