(77 South. 932)

## JEBELES & COLIAS CONFECTIONERY CO. v. CRANDALL-PETTEE CO.
### (6 Div. 284.)

(Court of Appeals of Alabama. Jan. 15, 1918.)

1. SALES ☞332—BREACH OF CONTRACT—FIX-ING DAMAGES—RESALE.

The right of a vendor to resell, on default of the vendee, thereby fixing the quantum of damages he is entitled to recover as the difference between the contract price and the price realized at the resale, in the absence of express stipulation, is only incident to a contract of sale that has become executed on the part of the vendor, and on which he is entitled to demand the contract price.

2. SALES ☞371 — REMEDIES OF VENDOR ON DEFAULT—EXECUTORY CONTRACT.

If a sale contract is executory on the vendor's part and he desires to avail himself of all the remedies incident to an executed contract, he must fully perform the contract, and, if the contract contemplates a tender of the goods, must make such tender.

3. SALES ☞369, 384(2)—REMEDIES OF VEN-DOR ON DEFAULT—EXECUTORY CONTRACT—MEASURE OF DAMAGES.

On vendee's default in executory contract for sale, if the vendor does not elect to make complete performance so as to convert the contract into an executed contract, he is left to the option of treating the contract as rescinded or bringing an action for breach, in which action the measure of damages would be the difference between the agreed price and market price at the time of the breach, with interest, at the place of delivery, or in case the goods are to be specially manufactured and the contract in this respect has not been performed, the difference between the contract price and the cost of production.

4. SALES ☞382—RESALE—EVIDENCE.

The fact of resale and the price realized thereat is admissible in action on an executory contract of sale only as evidence tending to show the market value of the goods; and, if it be shown that the goods were sold at a forced sale "under the hammer" at a price greatly less than their market value, such evidence is of little or no probative force.

5. SALES ☞369 — BREACH BY VENDEE — AC-TION ON COMMON COUNTS.

Where contract of sale is breached by vendee, while executory on the part of the vendor, it will not sustain an action on the common counts by the vendor.

6. SALES ☞377—BREACH OF CONTRACT—AC-TION—PLEADING.

Plaintiff sued defendant for breach of a special executory contract of sale. The fifth count of the complaint read, in substance: Plaintiff claims of defendant $500 as breach of an executory contract, for that defendant ordered goods to be made to order, should plaintiff accept the order, on condition that defendant would make a remittance of $250 on account, balance to become due in 30 days; that defendant agreed to the condition, after which plaintiff proceeded to make the goods, and, after the goods were made, defendant countermanded and canceled the order, and refused to receive the goods, and plaintiff avers that, while it has performed all its parts of the agreement, defendant has breached its agreement, in that it has failed or refused to remit the $250 on account as per agreement, and failed and refused to accept the goods after they had been ordered, as was its duty to do, on account of which plaintiff suffered great loss and damages. *Held*, that the count was demurrable as failing to state the price agreed to be paid.

7. SALES ☞378 — CONTRACT — BREACH—PLEADING.

In action by seller for breach of executory contract to sell, pleas, admitting the allegations of the complaint as to contract and price, but alleging that the market price of the goods at the time of the breach, as well as at the time of the acceptance of the order, was equal to or greater than the contract price agreed to be paid by the defendant, and the plaintiff therefore suffered no loss, were demurrable.

8. SALES ☞1(3)—FIXING PRICE.

If the goods are sufficiently identified, a complete contract of sale may be made without fixing an absolute price.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Assumpsit by the Crandall-Pettee Company against the Jebeles & Colias Confectionery Company. Judgment for plaintiff, and defendant appeals. Reversed, rendered, and remanded.

The fifth count of the complaint is as follows:

Plaintiff claims of defendant $500 as damages for the breach of an executory contract, for that heretofore, on, to wit, September 2, 1911, defendant ordered of plaintiff certain goods, wares, and merchandise, having to be made to order by plaintiff, should plaintiff accept said order, which said goods, wares, and merchandise were to be delivered to defendant in the city of New York, state of New York; that afterwards, on, to wit, September 11, 1911, plaintiff accepted said order of defendant upon the condition that defendant would make a remittance to plaintiff of $250 on account, and the balance of said order to become due in 30 days; that defendant agreed to the condition on which said order was accepted by plaintiff, after which plaintiff proceeded to make, manufacture, and prepare for delivery goods, wares, and merchandise ordered by defendant, which order had been accepted upon certain terms heretofore named, to which terms defendant had agreed as aforesaid, and after the said goods, wares, and merchandise had been made up plaintiff, in accordance with the order of defendant, and after said goods, wares, and merchandise were made or manufactured for delivery, defendant did on, to wit, September 20, 1911, countermand and cancel the order, which countermand and cancellation of said order plaintiff refused to accept, but defendant refused to receive said goods, wares, and merchandise so ordered by it, and made or manufactured by plaintiff for defendant. And plaintiff avers that, while it had performed all its part of said agreement as heretofore stated, defendant breached its said agreement or contract, in this, that defendant failed and refused to remit plaintiff the $250 on account as per agreement, and failed and refused to receive and accept said goods, wares, and merchandise after same had been ordered, made, or manufactured for defendant by plaintiff, as was its duty to do, and on account of defendant, countersigned, and on account of the refusal of defendant to send said $250, and to accept and receive said goods, wares, and merchandise contained in said order, and pay for them in 30 days from, to wit, September 20, 1911, plaintiff suffered great loss and damage, to wit, $500. Wherefore it sues for said damages together with interest thereon.

The sixth count is similar to the fifth, except that it is averred that, as a proximate result of said breach by defendant, plaintiff was caused to lose his profit in said transaction; was supposed to sell and did sell said

wares and merchandise, and obtained the highest price possible at the time, to wit $200, and that plaintiff lost the difference between the contract price, and the price for which the goods were sold to the highest bidder, to wit, the sum of $550.

The seventh count sets up the same state of facts as the fifth, with the additional allegation that the goods were manufactured and ready for and were offered to defendant, but before the goods were received by defendant, defendant countermanded the order for said goods and breached its contract in this, that it failed and refused to accept, receive, and pay for said goods as aforesaid, and as a proximate consequence lost its profit in said goods, and was otherwise damaged, in that it was unable to receive or obtain the contract price, to wit, $653.89, which defendant had promised to pay for said goods, but that plaintiff was required to sell said goods at a much smaller price than that agreed to be paid by defendant.

The pleas admit the allegation of the complaint as to contract and price, but say that the market price of said goods in New York at the time of the breach, as well as at the time of the acceptance of the order, was equal to or greater than the contract price agreed to be paid by defendant, and plaintiff therefore suffered no loss. Other pleas set up that plaintiff declined and refused to accept cancellation or countermand, but urged and insisted upon defendant complying with and carrying out the terms and conditions of said contract, and demanded of defendant payment of the sum of $250, as per the terms of said separate order or contract, and defendant says that plaintiff hereby estopped itself from treating said order or contract as at an end, and from claiming damages for the alleged breach thereof.

F. E. Blackburn, of Birmingham, for appellant. Thompson, Greene & Thompson, of Birmingham, for appellee.

BROWN, P. J. [1] The right of a vendor to resell, on default of the vendee, thereby fixing the quantum of damages he is entitled to recover as the difference between the contract price and the price realized at the resale, in the absence of express stipulation, is only incident to a contract of sale that has become executed on the part of the vendor and on which he is entitled to demand the contract price. 2d Mechem on Sales, § 1645; Southern States Co. v. Long, 73 South. 148;[1] Johnson v. Carden, 187 Ala. 142, 65 South. 813; Penn & Montgomery v. Smith, 98 Ala. 560, 12 South. 818; Id., 104 Ala. 445, 18 South. 38.

[2] If the contract is executory on the part of the vendor and he desires to avail himself of all the remedies incident to an executed contract, he must fully perform the contract, and, if the contract contemplates a tender of the goods, must make such tender.

[1] 15 Ala. App. 286.

Southern States Co. v. Long, supra; Mechem on Sales, § 1647.

[3] If the vendor does not elect to make complete performance so as to convert the contract into an executed contract, he is left to the option of treating the contract as rescinded or bringing an action for a breach of the executory contract of sale, in which action the measure of damages would be the difference between the agreed price and market price at the time of the breach, with interest, at the place of delivery, or in case the goods are to be specially manufactured and the contract in this respect has not been performed, the difference between the contract price and the cost of production. Crandall-Pettee Co. v. Jebeles & Colias Conf. Co., 195 Ala. 152, 69 South. 964; Kinney v. Ehrensperger, ante, p. 289, 77 South. 439; 2 Mechem on Sales, §§ 1647, 1689, 1690.

[4] The fact of a resale and the price realized thereat is admissible, in an action on the executory contract only, as evidence tending to show the market value of the goods (Gwin v. Hopkinsville Milling Co., 190 Ala. 346, 67 South. 382; 2 Mechem on Sales, § 1649), and of course, if it is shown that the goods were sold at a forced sale "under the hammer" and at a price greatly less than their market value, such evidence would be of little or no probative force.

[5] Under the contract here, if contract there was (and this, under the evidence, was for the jury—Crandall-Pettee Co. v. Jebeles & Colias Conf. Co., supra), the obligation rested upon the plaintiff, as a prerequisite to a right to demand the entire contract price, to tender the goods to a common carrier in New York for shipment to the defendant at Birmingham, and there is no pretense that this obligation was performed. Therefore the contract was executory on the part of the plaintiff, and will not sustain an action on the common counts. Jones v. King, 81 Ala. 285, 1 South. 591.

[6] The fifth count of the complaint was subject to the ground of demurrer filed after remandment of the case on former appeal, taking the point that the count failed to state the price agreed to be paid. Newton v. Brook, 134 Ala. 272, 32 South. 722.

The other special counts were not subject to any of the objections pointed out in the demurrers.

[7] The demurrers were properly sustained to the defendant's special pleas. Gwin v. Hopkinsville Milling Co., supra.

[8] While the evidence shows that the plaintiff stated in the letter accepting the order and fixing the terms of sale that the amount of the order would be "about $500.00," and that it was in response to this letter that defendants wired acceptance, there was other evidence tending to show that defendant agreed to pay the catalogue price, with possible discount to be made at the option of the vendor on accepting the order, for goods in stock, and the factory price for

those that were to be manufactured; the factory prices not then being shown. It is well settled that if the goods are sufficiently identified, a complete contract of sale may be made without fixing an absolute price. Shealy & Finn v. Edwards, 73 Ala. 175, 49 Am. Rep. 43; Foley v. Felrath, 98 Ala. 176, 13 South. 485, 39 Am. St. Rep. 39. In view of the plaintiff's evidence showing that the reasonable market value of the goods at the time of the alleged breach of the contract was $655.89, the sale price, according to plaintiff's theory, the opinion prevails that the amount of the recovery in this case was excessive.

The court erred in overruling the motion for new trial, and that order is reversed, and one here entered, granting the motion for new trial, setting aside the judgment appealed from, and remanding the case for further proceedings in accordance with this opinion.

Reversed, rendered, and remanded.