(106 So. 139)
**MIZELL MERCANTILE CO. v. CADICK MILLING CO. (4 Div. 227.)**

(Supreme Court of Alabama. Nov. 5, 1925.)

**1. Sales 202(5)—Sale of flour held complete at point of shipment.**

Sale of flour held complete at point of shipment notwithstanding price was not to be paid until flour reached its destination.

**2. Sales 340—Seller could maintain common counts or special assumpsit for breach of contract.**

Unpaid seller of flour, title of which passed to buyer at point of shipment, could maintain action on common counts or in special assumpsit for breach of contract.

**3. Sales 333—Buyer not accepting shipment of goods, title to which passed at point of shipment, was entitled to seller's notice of resale.**

A buyer who did not accept and pay for a shipment of goods, title to which passed to him at point of shipment, was entitled to seller's notice of intention to resell the goods, in order that the buyer might suggest the mode and time and place of such sale.

**4. Sales 379—Failure to notify buyer of intention to resell could be shown under general issue.**

Plaintiff seller's failure to give notice to defendant buyer of intention to resell goods not accepted by buyer could be shown under general issue.

**5. Appeal and error 173(2) — Defendant buyer, permitting plaintiff seller to show fact of resale without objection that notice of resale was not given, held not entitled to raise such objection on appeal.**

Defendant buyer, who permitted plaintiff seller to show fact of resale of goods without objection that notice of resale was not given, and did not otherwise call such omission to trial court's attention, held not entitled to raise such objection on appeal.

**6. Sales 384(7) — Expenses incurred in making resale chargeable to buyer.**

Seller whose buyer did not accept goods, title to which passed at point of shipment, was entitled to charge buyer all reasonable expenses incurred in making resale.

**7. Sales 384(7)—Amount allowed, in judgment for seller, for damages arising from resale of goods not paid for by buyer, held proper.**

In action by seller for damages arising from resale of flour bought by defendant, but not accepted, where seller claimed as damages an amount equal to the difference between the contract price and price realized on resale, and it appeared that some of the flour was damaged by reason of leak in the storage building pending resale, and that the charge for storing was reasonable, judgment for seller in a sum ascertained by deducting the value of the damaged and unsalable flour from the prima facie amount of damages, and by adding the reasonable expenses, held proper.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action by the Cadick Milling Company against the Mizell Mercantile Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Mulkey & Mulkey, of Geneva, for appellant.

There can be no contract of sale until all terms are agreed upon. 35 Cyc. 55. In order to recover in this case, it was necessary that plaintiff sue for a breach of the contract, and the common counts will not suffice.

J. J. Morris, of Samson, for appellee.

When the defendant gave the order, and the plaintiff delivered the goods to the carrier, the sale was complete. In the absence of agreement as to time of payment, it will be presumed to have been a cash transaction. Robinson v. Pogue, 86 Ala. 261, 5 So. 685; 35 Cyc. 55. The suit was properly brought on the common counts. 76 Ala. 163.

SAYRE, J. The Cadick Company, millers in Indiana, shipped to the Mizell Company at Samson, in this state, 30 barrels of flour, and drew on them for the price, bill of lading attached. The consignee company refused to accept the flour, their assigned reason being that they could not pay cash for it. The milling company refused to accept a promise of deferred payment, and, after a time, sold the flour for account of the purchaser. On appeal to the circuit court the case between the parties was tried by the court without a jury and the milling company had judgment.

[1, 2] The evidence warranted a finding that plaintiff had shipped the flour in agreement in all respects with a contract entered into between defendant and plaintiff's agent at Samson. The sale was complete at the point of shipment, although the price was not to be paid until the flour reached its destination. Robinson v. Pogue, 86 Ala. 261, 5 So. 685. Nothing remaining to be done save payment of the agreed purchase price, plaintiff might maintain an action on the common counts, or in special assumpsit for a breach of contract.

[3-5] The only defect we find in plaintiff's case is that, when it undertook to resell the flour for account of defendant, it failed to give defendant notice of its intention so to do. Plaintiff had the right to sell the flour. 2 Williston on Contracts, § 545. In all other respects the resale appears to have been fairly conducted; but notice of the intention to resell should have been given to defendant to the end that it might have opportunity, if it so desired, to suggest the mode and time and place of such sale. Johnson v. Carden, 187 Ala. 142, 65 So. 813; Penn v. Smith, 98 Ala. 560, 12 So. 818; Starr Jobbing House v. May Hosiery Mills, 207 Ala. 620, 93 So. 572; 2 Williston on Sales, § 548. And plaintiff's failure to give notice may be shown under the general issue. Southern States Co. v. Long, 15 Ala. App. 292, 73 So. 148. However, plaintiff was allowed to show the fact of resale without any objection that no notice had been given, nor was the trial court's attention otherwise called to the omission, and the court is of opinion that it is now too late to raise the objection for the first time.

[6, 7] Appellee claimed damages in an amount equal to the difference between the contract price and the sum realized on resale. But that was not an exact measure of the damage shown. On the one hand, some of the flour was wetted by reason of a leak in the roof of the building where it was stored by appellee pending resale; on the other hand, appellee was entitled to charge in its account against the buyer all reasonable expenses incurred in making the resale. 2 Williston, § 552. The charge for storing pending reasonable bona fide efforts to resell was reasonable.

As well as we can ascertain from the evidence shown by the record, the trial court deducted the value of the damaged and unsalable flour from the prima facie amount of damages, added reasonable expenses, and gave judgment for the sum thus ascertained. In this the court proceeded correctly, and the result must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.