## SPRAGUE AND WIFE v. MORGAN AND WIFE.

1. When the plaintiff declares on the common counts against husband and wife, for work and labor at the instance of the wife, a recovery is proper, though the evidence discloses a contract with the wife when sole, and the performance of the service after the intermarriage.

2. A recovery may be had on the common counts although there is a special contract, whenever by its breach the plaintiff is entitled to recover a sum *in numero*, or which can be rendered certain by a mere calculation.

3. Where there is a contract to pay a gross sum for tuition of pupils, and they are taken from the school before the expiration of the term, without any fault of the teacher, or the occurrence of some act rescinding the contract, he is entitled to recover the whole sum stipulated.

Sprague and Wife v. Morgan and Wife.

Writ of error to the Circuit Court of Dallas.

ASSUMPSIT by Morgan and wife against Sprague and wife, on the common counts.

At the trial, on the general issue, the plaintiffs proved certain services, as a teacher, rendered by the wife of the plaintiff whilst sole, to the defendants after their intermarriage, the contract for which was made by the wife of the defendant whilst sole. There was also evidence tending to show, that those services were rendered on a special contract, which was entire, providing that the pupils to be taught should go a full session, and a gross sum to be paid therefor, and that this contract had been broken by the defendants, in taking away the pupils before the end of the session, and the plaintiffs insisted the defendants were liable, by such breach, to pay the entire sum agreed to be paid. There was no evidence to support the count upon an account stated.

On this proof the defendants asked the Court to charge the jury, that if they believed the services were rendered after the intermarriage, although under a contract made previously with the wife of Sprague, the plaintiffs could not recover in this form of action.

Also, that if there was a special contract, as spoken of by the evidence, then the plaintiff could not recover in this form of action, or could only recover for the services actually rendered.

These charges were refused, and the refusal is now assigned as error.

EDWARDS, for the plaintiff in error.

No counsel appeared for the defendants.

GOLDTHWAITE, J.—1. The question is not, whether the husband defendant could have been sued below, as upon the ratification of the contract of his wife, in consequence of the acceptance of the services, but is, whether both are liable to this form of action, by reason of the wife's contract. We think they were so liable; for, although the services were to be rendered after the contract, the wife was bound by it; and although the breach was after the marriage, it was the breach of her contract, in precisely the same manner as if when sole

she had given a note, which, falling due after the marriage, the husband had refused to pay.

2. As to the other questions, there is nothing in them. A recovery may be had on the common counts, although there is a special contract, whenever, by the breach of it, the plaintiff is entitled to recover a sum *in numero*, or which can be rendered certain by mere calculation. In other words, when the damages arising out of the contract are not unliquidated.

3. If, as stated, the contract was to pay a gross sum for the teaching of the pupils for the entire session, and they, after the commencement of the session, were taken away, without any fault of the plaintiffs, or the occurrence of some act which entitled the plaintiffs to consider the contract as rescinded, there is no doubt of the right to recover the whole sum stipulated to be paid. Such, in effect, was the charge of the Court, and we see no error in it.

The judgment of the Circuit Court is therefore affirmed.

COLLIER, C. J.—Upon the first point considered by my brother GOLDTHWAITE, I was somewhat inclined to doubt, but further reflection has led to a concurrence in the conclusion he attained. It is said that where the plaintiff had been prevented from a performance of a verbal contract, by the defendant, a recovery may be had on the common counts in assumpsit. [1 Chitty's Plead. 298; 1 East's Rep. 58; 11 Id. 285; 1 Taunt. Rep. 12; 5 B. & C. Rep. 638.]

When a *feme sole* who has entered into a contract marries, the action must, in general, be brought jointly against the husband and wife, though they state an account, and expressly promise to pay the debt, or perform the contract. [7 T. Rep. 348.] And it has been held, that the husband cannot be sued alone upon an express subsequent promise by himself, unless there be some new consideration for the same, accruing to him, or causing an inconvenience or delay to the creditor. [3 P. Wms. Rep. 409.] If a promise by the husband to pay money upon an *ante-nuptial* contract of the wife, will not change the duty from a joint to a several liability, a performance by the other party, after marriage, cannot have that effect. This being the law, it necessarily follows that the defendants were both answerable to the plaintiff, upon the contract made by the

wife ; that the transfer of her liability to the husband, by the legal effect of the marriage, and acceptance, or refusal to accept the plaintiff's services, are equivalent to a positive request by the husband, and make him liable as if the contract had been originally made by him. It results from this view, that the common counts warranted the admission of the evidence, and that the form of declaring was adapted to the cause of action.