## SNEDICOR, Adm'r, v. LEACHMAN, Adm'r.

1. When the plaintiff declares on the common counts, for work and labor, he cannot recover, if it is proved that there was a special contract between the parties, that the plaintiff should receive a part of the crop, although the precise terms of the contract are not shnown.

Error to the Circuit Court of Greene.

Assumpsit by the defendant's intestate, against the plaintiff's intestate.

The declaration contains only the general *indebitatus* count, for work and labor, during the year 1840, as an overseer. Upon the trial, under the general issue, the plaintiff proved that his intestate was the overseer of the defendant's intestate during the year 1840—and the defendant then proved an admission by the plaintiff's intestate, in his lifetime, that he was to receive a part of the crop raised on the plantation, for his services, and by a witness that in the fall of 1840, he passed by the plantation of defendant's intestate, and saw him and the overseer together, depositing a load of corn in a

pen, and in answer to a question by the witness, was inform-ed that it was the overseer's portion of the crop.

The defendant's counsel thereupon moved the court to charge the jury, that if they believed from the evidence, there was an agreement between the parties, by which the over-seer was to get a portion of the crop for his services, they could not upon this declaration, find a verdict for him.

The court refused this charge, and charged the jury, that it was the province of the court to determine, whether there was a special contract, and that there was not sufficient testi-mony to establish, that there was a special agreement, by which the overseer was to get a part of the crop for his ser-vices during the year 1840.   To which the defendant ex-cepted, and which he now assigns as error.

WOMACK and ALEX. GRAHAM, for plaintiff in error.

1. The declaration contains but one count, and that a gen-eral *indebitatus* for work and labor done, and materials found.

2. It was the province of the jury, and not of the court, to determine from the evidence, whether or not a special con-tract had been made between the parties.

3. If there was a special contract, the plaintiff must de-clare on the special contract, and cannot recover on a general count for work and labor.   [Haynes v. Woods, 1 Stew. 12; Clemens, Adm'r, v. Eslava, 4 Porter, 502.

4. If the contract was, that the plaintiff below should be paid with part of the crop, and not in money, he cannot re-cover on a general *indebitatus* count.   [Clemens v. Eslava, 4 Porter, 502; 2 Munf. 344; Brooks v. Scott's Ex'r, 4 Bibb, 349.]

5. This is not a case of a special contract, executed differ-ently from its stipulations, which would authorize a recove-ry on the common counts.

J. B. CLARKE, contra.

1. The testimony is clearly insufficient to establish a spe-cial contract.   The only question is, whether its insufficien-cy was for the consideration of the court or jury.

2. It is the province of the court to determine what con-stitutes a special contract, from which it necessarily follows,

that the court must determine upon the sufficiency of evi-
dence to establish the existence of such special contract.
Earbee v. Craig, 1 Ala. R. 607. Where the facts are con-
ceded, the law invariably adjudges as to their effect and ope-
ration. Jackson v. Betts, 9 Cowen, 225.

3. It is no invasion of the province of the jury, when there
is an attempt on the part of the defendant to set up a special
contract to defeat a recovery upon an implied one, when the
whole evidence is closed, to exclude the evidence as to the
special contract, if it does not make it out. 1 Ala. R. 540;
7 Porter, 437.

4. Where no injury has been done to the unsuccessful
party, by the charge to the jury, this court will not reverse.
Porter v. Nash, 1 Ala. R. 452; Smith v Houston, 8 Ib. 737;
Randolph v. Carleton, 8 Ib. 607; The Mayor, &c. v. Eman-
uel, &c. 9 Porter, 403.

ORMOND, J.—The right to resort to the general counts,
where there has been a special agreement, is thus stated by
an eminent judge : " Where a party declares on a special con-
tract, seeking to recover thereon, but fails altogether in his
right so to do, he may recover on a general count, if the case
be such, that supposing there had been no special contract,
he might still have recovered for money paid, or for work
and labor done." Cook v. Munstone, 1 N. R. 355, (3 B & P.)
So it has been held by this court, that the party may recover
on the common counts, although there is a special contract,
whenever by the breach of the contract, the plaintiff is enti-
tled to recover a sum in *numero;* that is, where the dama-
ges for the breach of the contract are liquidated, and require
nothing to be done but to make a calculation. Sprague and
wife v. Morgan and wife, 7 Ala. 952.

These references are decisive to show, that the law was
misapprehended in this case. As this was not a money con-
tract, but an undertaking to pay a part of the crop for the
services of the overseer, the plaintiff should have declared
upon it, and if he had failed in proving it, he might then, up-
on the authority of the case first cited, have resorted to the
common counts ; as in the absence of a special contract, he

would have been entitled to compensation for his work and labor, and could have recovered on a *quantum meruit.*

The court below seems to have supposed, that although a special contract was proved, yet if its terms were not established by the defendant, the plaintiff was entitled to recover on the common counts. We understand the law to be, that if there is proved to have been a special contract, which has not been rescinded, the plaintiff cannot resort to the common counts, though he may fail in the proof of his contract, so as to enable him to recover upon it. Halle v. Hightman, 2 East, 145. That is the predicament of this case. The plaintiff has sued upon the contract as a money demand; the proof is, that he was to be compensated for his services by a part of the crop, and whilst this contract continues in force, it is manifestly unjust that the plaintiff should disregard it, and sue upon a *quantum meruit.* Nor is it any answer to the objection, that the defendant does not prove the precise terms of the special contract. He does show, that the plaintiff was not by his contract to be paid in money, and thus disproved the plaintiff's cause of action as laid. Nor is the case brought within the rule laid down by this court, in the case cited; not only because the terms of the special contract are not shown, but because if shown, it is not a legitimate demand, and therefore a sum in *numero* cannot be recovered.

The court also erred in assuming to determine what facts were proved, and also in holding that the facts which were proved, if believed by the jury, did not establish that there was a special contract. The facts as proved, did establish conclusively, that there was a special contract between the parties, although its precise terms were not proved. See Burn v. Miller, 4 Taunton, 475; Streeter v. Hortoch, 1 Bing, 37; Studdy v. Saunders, 4 B. & C. 638.

Let the judgment be reversed, and the cause remanded.