**MOTOR SALES CO. v. BIRMINGHAM ELECTRIC BATTERY CO.**
**(8 Div. 583.)**

(Supreme Court of Alabama. Nov. 1, 1923.)

1. **Corporations** ☞30(6)—**Original debtor's testimony as to corporation's assumption of debts of firm held admissible.**

In an action against a corporation on a debt alleged to have been assumed by defendant on purchase of assets of original debtor, testimony by one of the original debtors as to what was said to him as to the assumption of the debts of the firm of which he was a member *held* admissible.

2. **Evidence** ☞123(2)—**Letters written by corporation admissible to prove assumption of partnership debt.**

In an action against a corporation on debt of partnership, claimed to have been assumed by the corporation on the purchase of the partnership assets, letters written by the corporation to the plaintiff, in reply to inquiries as to debts of the partnership, *held* admissible, with other evidence, to show the corporation's assumption of the debt of plaintiff.

3. **Corporations** ☞30(6)—**Whether corporation assumed debt of partnership on purchase of the firm's assets held for jury.**

In an action against a corporation, which had purchased the assets of a partnership, on partnership's debt, alleged to have been assumed by the corporation, evidence *held* to warrant submitting to the jury whether the corporation had assumed to pay the partnership's debt.

4. **Sales** ☞340—**Seller could recover, on common counts from third party assuming debts.**

Unpaid balance due on goods purchased by a copartnership can be recovered on the common counts, in an action against a corporation which had purchased the assets of the copartnership and had assumed its debts, and it is not necessary for the complaint in such cases to set out and claim on the special contract, since the sum claimed is certain from the evidence, or can be rendered certain by mere calculation.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Action on the common counts by the Birmingham Electric Battery Company against the Motor Sales Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The following letters were introduced in evidence by plaintiff, over the objection of defendant.

"Bond Auto & Plumbing Company.

"Florence, Alabama, April 15, 1920.

"Birmingham Electric Battery Co., Birmingham, Ala.—Dear Sir: Attention Mr. Ewing. Received a letter from you this morning stating you had not heard from us in regard to my account.

"My reason for not answering your letter was that I turned all correspondence over to Mr. Bond, who agreed to attend to same. He wrote you yesterday in regard to the matter, and I think you will get a check in full in a few days. I appreciate your position in the matter and will do my best to see that you get a check at once.

"Yesterday I shipped you two batteries by express prepaid for which we want credit. You will also find a box and battery belonging to the Electric Garage & Repair Company to complete the Atwater Kent system which I have had for several months. Please send us another statement giving us credit for the batteries returned, and you will sure get a check in the near future.

"Thanking you for your kindness in the past, we remain yours very truly, Motor Sales Co., Inc., Successors Bond Auto & Plbg. Co., by [Signed] E. F. Yielding, Battery Dep't. EFY:: KH."

"Bond Auto & Plumbing Company.

"Florence, Alabama, April 15, 1920.

"Birmingham Electric Battery Co., Birmingham, Ala.—Gentlemen: Refer to your statement for $273.18, against the Electric Garage & Repair Co., our company is taking over the affairs of the Bond Auto & Plumbing Company, and the Electric Garage & Repair Company.

"The new company is having to invest a large amount of money at the start, and it will be a great assistance to us if you can carry this account for us 30 days longer. We realize this is asking quite a favor, and, if possible for you to do so, we will try and reciprocate by making our account one of the best you have in the state.

"Please let us hear from you by return mail. Yours very truly, Motor Sales Co., Inc., Successors Bond Auto & Plbg. Co., by [Signed] Jas. W. Bond, Sec. & Treas.   JWB: :KH."

Bradshaw & Sims, of Florence, for appellant.

Proof of a special contract is not admissible in a suit on the common counts. 2 Ency. Pl. & Pr. 1008; 5 C. J. 1383; Smith v. McGehee, 14 Ala. 404; Walker v. Forbes, 25 Ala. 139, 60 Am. Dec. 498. The letters of date April 15, 1920, were erroneously admitted in evidence. Sturdivant v. Mt. Dixie Co., 197 Ala. 280, 72 South. 502; Strong v. Cotlin's Adm'r, 35 Ala. 607; Derrick v. Monette, 73 Ala. 75; McGowin v. Camp Lbr. Co., 192 Ala. 35, 68 South. 263.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Wm. Milliken, of Florence, for appellee.

The common counts were properly employed in this case. Westmoreland v. Davis, 1 Ala. 299; Sprague v. Warner, 7 Ala. 952; Holloway v. Talbot, 70 Ala. 389; Maas v. Mont. Iron Wks., 88 Ala. 328, 6 South. 701; Joseph v. Hoffman, 173 Ala. 568, 56 South. 216.

MILLER, J. This is a suit in seven counts, all being common counts, for $273.18 by the Birmingham Electric Battery Company, a corporation, against the Motor Sales Company, a corporation.

The defendant pleaded general issue. The jury returned a verdict for $303.50 against the defendant, the court rendered judgment therefor in favor of the plaintiff, and this appeal is prosecuted from it by the defendant.

It appears from the evidence that the Electric Garage & Repair Company, a business owned and operated by E. F. Yielding and James W. Bond, owed plaintiff an account for $273.18; that the defendant, a corporation, purchased the assets of this firm, and that Charles F. Miller, president of the defendant, gave E. F. Yielding a check for his property. James W. Bond did business under the name of Bond Auto & Plumbing Company, and the evidence tended to show that he owed plaintiff the sum of $33.26. This suit was for $273.18, the account of the Electric Garage & Repair Company, and not for the $33.26 due plaintiff by the Bond Auto & Plumbing Company.

[1] The court allowed plaintiff, over objection of defendant, to ask E. F. Yielding the following question: "State what was said to you as to the assumption of accounts owed by your business." And the court refused defendant's motion to exclude the following answer: "That the Bond Auto and Plumbing Company was to take over that account. In fact, part of it was their account, and the remainder of it was mine for batteries, and they were to pay the Birmingham Electric Battery Company." This was relevant and competent evidence. This witness had testified that his company owed the plaintiff, the property of his business was sold to defendant, and it had given him a check for his property. It tended to show who had assumed the debt, the foundation of this suit.

[2] The two letters addressed to the Birmingham Electric Battery Company, the plaintiff, both dated April 15, 1920, were properly admitted in evidence. They relate to the subject-matter of this suit. Each is signed by "Motor Sales Co., Inc., successors Bond Auto & Plumbing Co.," one being signed by E. F. Yielding, battery department, and the other by James W. Bond, secretary and treasurer. The debt sued for was contracted by the Electric Garage & Repair Company, and there is evidence that its assets were transferred and sold to the defendant; and these letters indicate the intention of the defendant to pay this debt. The letters tended to show, in connection with the other evidence, that defendant purchased the assets of the Electric Garage & Repair Company and assumed this debt sued for, which was a liability of the vendor in the transaction; they contained matter bearing on the issue in the case; they were replies by defendant to written inquiries by plaintiff as to the debt mentioned in the complaint. Starr Job. House v. May Hosiery Mills, 207 Ala. 620, headnotes 6, 7, 93 South. 572; Goodwin v. Riddle, 204 Ala. 216, headnote 3, 85 South. 433.

The court gave the following written charges numbered 1 and 2, separately requested by the plaintiff, to the jury:

"The court charges the jury that, if they find from the evidence that the defendant assumed the obligation of the Electric Garage & Repair Company, they shall find for the plaintiff.

"The court charges the jury that, if they find from the evidence that the defendant recognized its indebtedness for the Electric Garage & Repair Company bill to the plaintiff, they shall find for the plaintiff."

[3] The evidence is undisputed that the Electric Garage & Repair Company owed plaintiff. Its assets were sold and delivered to the defendant. The jury could reasonably infer from the testimony that the defendant purchased from the Electric Garage & Repair Company goods which had been sold it by plaintiff; that the defendant assumed and agreed to pay plaintiff this debt when it became the subvendee of the property. The evidence is in clear conflict as to whether or not the defendant assumed and agreed to pay this debt of the Electric Garage & Repair Company to plaintiff. This was the real controverted issue in the case from the evidence; and, under the conflicting testimony on that issue, the court did not err in giving the two charges mentioned.

The court refused to give the following written charge to the jury, requested by the defendant: "If the jury believe the evidence your verdict must be for the defendant."

It is plain from the tendency of the evidence that the defendant purchased from the Electric Garage & Repair Company its goods, which goods were purchased by it from the plaintiff; the entire purchase price had not been paid, and the defendant in writing to plaintiff acknowledged the debt. There is also evidence tending to show that the defendant assumed and agreed to pay this debt to plaintiff when it purchased the property from the Electric Garage & Repair Company. There is also evidence tending to show that when the Electric Garage & Repair Company sold and conveyed its property to the defendant that the Bond Auto & Plumbing Company agreed to and assumed the payment of this debt, and the defendant did not agree to pay it. The Bond Auto & Plumbing Company

owed the plaintiff the sum of $33.26, and other creditors various amounts. It consigned under contract its property to the defendant, to be sold by it, and the proceeds applied to the payment pro rata of all its debts. The creditors became dissatisfied, and·the Bond Auto & Plumbing Company was placed in involuntary bankruptcy, and its property was delivered to the trustee in bankruptcy by the defendant.

The defendant insists that the proof does not conform to the pleadings; that plaintiff claims the $273.18 through the common counts; that there is no proof to sustain it; and that proof of plaintiff shows only "a special contract and the assumption and agreement to pay the account sued on" by the defendant.

[4] The defendant is not a guarantor of the price of the goods between the original vendor and vendee, but under a certain phase of the evidence the defendant is a subvendee of all the property of the original vendee, and, as part of the purchase price. assumed and agreed to pay the $273.18 due the original vendor, the plaintiff, by the original vendee for some of the property. This sum can be recovered by the original vendor, the plaintiff, from the subvendee, the defendant, on the common counts. It is not necessary for the complaint to contain, set out, and claim on the special contract. The sum claimed is certain from the evidence, or can be rendered certain by mere calculation. The following principle is declared in Holloway v. Talbot, 70 Ala. 392:

"Although there may be a special contract, if.· by the breach of it, the plaintiff becomes entitled to recover a sum in numero, or which can by mere calculation be rendered certain, a recovery may be had on the common counts."

See. also, Sprague v. Morgan, 7 Ala. 952; Snedicor v. Leachman, 10 Ala. 330; Joseph & Bros. v. Hoffman, 173 Ala. 568, headnote 1, 56 South. 216.

There is evidence, if believed by the jury, that will entitle plaintiff to recover under the common counts, and the court did not err in refusing to give the general affirmative charge. with hypothesis, requested by the defendant in its favor. There was evidence to sustain the cause of action alleged in the complaint, and the case was properly submitted by the court to the jury. McMillan v. Aiken, 205 Ala. 35, headnotes 9–11, 88 South. 135.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.