(106 So. 607)

## SEABOARD AIR LINE RY. CO. v. GOSS.
### (6 Div. 398.)

(Supreme Court of Alabama. Dec. 17, 1925.)

1. Evidence ⊜271(19)—Letter part of general correspondence between plaintiff and defendant's agents held admissible, though self-serving.

In shipper's suit for loss of goods resulting from refusal to deliver, a letter offering to pay freight and demanding shipment, purporting to be in reply to a letter from defendant's claim adjuster demanding pay for storage charges, being one of a general correspondence between plaintiff and defendant's agents relating to the controversy, was admissible, though self-serving, as being like a conversation between the parties and part of res gestæ.

2. Trial ⊜85—General objection does not bar admissible letter, although part of it is irrelevant.

Though letter containing admissible matter may have contained irrelevant matter, the trial court cannot be reversed for overruling a general objection or motion to exclude as addressed to the letter in its entirety.

Appeal from Circuit Court, Jefferson County; J. C. Hail, Judge.

Action by W. E. Goss against the Seaboard Air Line Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

———

The complaint alleges that plaintiff, on January 17, 1924, delivered to the defendant carrier, at Rockmart, Ga., certain household goods to be transported to Trafford, Ala., offering to pay to defendant all lawful carriage charges; that defendant, after accepting the goods for carriage, demanded of plaintiff excessive charges for storage, which plaintiff did not owe, and, upon plaintiff's refusal to pay such excessive charges, defendant refused to ship the goods to the consignee thereof, and wrongfully refused to deliver them to the plaintiff or the consignee, as a proximate consequence of which said goods were wholly lost to plaintiff.

The theory of plaintiff's evidence is that on January 14, 15, and 16 he hauled his goods to defendant's freight depot, at Rockmart, and after unloading each day's haul asked the freight agent to weigh the goods that had been unloaded; that the agent declined, saying he would weigh them all when plaintiff finished hauling them in; that after all of the goods had been deposited in the depot on the 16th plaintiff asked the agent to weigh them, and the agent stated he did not have time; that plaintiff estimated the weight of the shipment, asked the rate, which was quoted, and proposed to the agent the deposit by him of the freight so estimated, taking the agent's receipt therefor; that the agent declined to take and receipt for the deposit until the goods had been weighed and the charges determined, and directed plaintiff to return the next morning (17th); that plaintiff returned the next morning, and asked if the goods had been weighed; that the agent said they had not, and asked plaintiff to come back the following day; that plaintiff did not go to the depot the following day, but called the agent over the telephone and asked if he had weighed the goods; that the agent said he had not, was too busy, and that when he got time he would weigh them and tell plaintiff what the bill was; that plaintiff went to the depot on the evening of the 21st of January and inquired for the agent, who was not there; that he looked at his goods in the depot and found that they had not been moved, and that a porter told him they had not been moved. Plaintiff further testified that he left Rockmart for Birmingham that night, and on the following day wrote to the freight agent at Rockmart, asking that the agent send him a bill of lading and the amount of the freight, and that he (plaintiff) would remit the amount due; that he did not hear from this letter until in February, when the agent demanded payment of freight charges and some $13 storage charges.

Defendant's evidence is to the effect that plaintiff brought the goods to the depot on the 16 and 17th of January; that the agent informed plaintiff the freight charges would have to be prepaid; that plaintiff stated he would have to make some collections to pay the charges and would return the next day; that the goods were weighed and loaded into cars on the 18th and were held in the cars until the 21st when they were unloaded; that plaintiff did not return after the 17th, and did not talk to the agent on the telephone—never tendered the freight and storage charges that were due.

Plaintiff introduced in evidence a number of letters passing between plaintiff, or his attorneys and the defendant's agents—those of plaintiff offering to pay the freight charges and demanding shipment of his goods, and those of defendant's agents demanding the payment of storage charges, in addition to carriage charges.

It appears that no agreement was ever reached by the parties, and that the goods were ultimately offered for sale by the defendant.

Cabaniss, Johnston, Cocke & Cabaniss, Sumner E. Thomas, and Gerry Cabaniss, all of Birmingham, for appellant.

The statement of a party, whether oral or written, which is of a self-serving nature, is not admissible in evidence in his favor. 22 C. J. 220; 10 R. C. L. 1150, 960; Harkness v. State, 129 Ala. 71, 30 So. 73; Greenleaf on Evi. (16th Ed.) § 469b; McCrory v. Donald, 192 Ala. 312, 68 So. 306.

H. M. Abercrombie and Edgar Allen, both of Birmingham, for appellee.

The court did not err in admitting the letter over general objection. Williams v. Anniston Elec. Co., 164 Ala. 84, 51 So. 385; Rutledge v. Rowland, 161 Ala. 114, 49 So. 461; Starr, etc., v. May Mills, 207 Ala. 620, 93 So. 572; Thompson v. Vildibill, 211 Ala. 199, 100 So. 139; 10 R. C. L. 981; Watkins v. Roden Coal Co., 205 Ala. 367, 87 So. 565.

ANDERSON, C. J. [1] We are, of course, aware of the rule that mere self-serving declarations are not admissible in evidence, but the letter of February 25, 1924, from the plaintiff to W. C. Patterson, the defendant's claim adjuster, and made the basis of the second assignment of error, was one of a general correspondence between the plaintiff and his agents and the defendant's agents, and all of which related to the matter in controversy and was like unto a conversation between the parties, and, in a sense, a part of the res gestæ. Starr Jobbing House v. May Mills Co., 207 Ala. 620, 93 So. 572, and authorities there cited. This letter purports to be in reply to one from said Patterson of February 23d, wherein he was claiming storage charges, and the plaintiff's response and narration of the circumstances under which he delivered the goods, his efforts to get them weighed and settle the shipping charges, had a bearing on the claim being

made by Miller for storage as distinguished from freight or shipping charges, and wherein he offered to pay the freight.

[2] True, the letter may have contained irrelevant matter as well, but the trial court cannot be reversed for overruling a general objection or motion to exclude as addressed to the letter in its entirety.'

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.