4 So.2d 135

## WINN v. CUDAHY PACKING CO. OF ALABAMA.

3 Div. 345.

Supreme Court of Alabama.

Oct. 9, 1941.

582

Rushton, Johnston & Williams, of Montgomery, for appellee.

W. L. Lee and Alto V. Lee III, both of Dothan, and Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

BOULDIN, Justice.

The action was for personal injuries resulting from a collision of the automobile driven by plaintiff with a commercial truck of defendant, on Bee Line Highway, a paved highway, in Dale County. The plaintiff's car ran into the rear of the truck, parked on the highway, headed in the same direction. The accident occurred in the nighttime.

The complainant counted on negligence of the driver of the truck in violating a rule of the road, which reads: "(a) No person shall park or leave standing any vehicle. whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway." Code of 1940, Tit. 36, § 25 (Reprint issued by Department of Public Safety, Highway Department & Revenue Department, p. 20, § 25).

Available defenses to such charge included a denial that the truck was parked on the paved portion of the highway. If parked clear of the pavement, there was no negligence.

Another available defense was under subdivision c of above section, reading: "(c) The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

Evidence for plaintiff tended to show that after the collision the truck was clear of the pavement, but skid marks disclosed that the rear of the truck was left standing on the pavement a space of some four feet, and had been moved clear by the impact. The driver of the truck, a witness for defendant, admitted these facts; and testified to facts tending to acquit himself of negligence under subdivision c, supra.

After laying a proper predicate, plaintiff offered to prove by another witness that while on the ground, and shortly after the accident, the driver stated that the truck was parked clear of the pavement. · The court sustained defendant's objection thereto.

This evidence, offered for the purpose of impeaching the witness, was admissible.

Evidence of statements out of court tending to show a shifting position as an afterthought, may be considered by the jury in passing upon the weight of the testimony of a witness giving his final version of the affair.

The rule that a witness may not be impeached by contradictory statements out of court on immaterial matters is not applicable here. To so hold is to overlook the issues of law and fact rendering the statement material.

Defendant's witness, on the stand, did corroborate plaintiff's witnesses as to the position of the truck before the collision. If that were all, any contradictory statement on that point would have been wholly immaterial. But, if at the time of the accident, he disclaimed negligence on the ground that the truck was parked clear of the pavement, and at the trial disclaimed negligence on the ground that it was unavoidably parked on the pavement, such prior statement was admissible to be considered by the jury in connection with all the evidence to determine whether there was negligence in bringing the truck to a stop on the pavement.

Defendant's manager, on learning of the accident, called plaintiff by long distance telephone and had a conversation. The manager testified that at this time plaintiff admitted he was at fault, and requested the sending of a bill for damages to the truck. Plaintiff denied admitting fault on his part in the telephone conversation. On the contrary testified that he said the driver was at fault, and called for no statement of a bill for damages. Some days later, after the truck had been repaired, a statement of the bill was sent in a letter referring to the telephone conversation, and concluding: "will appreciate you mailing us check by return mail to cover these damages, as per our conversation." The letter was not answered.

Defendant offered this letter in evidence. Plaintiff objected on the ground that it was hearsay, a self-serving declaration. Objection was overruled, and the letter admitted.

584

■ We have not followed the order in which these matters were presented. We deem that unimportant. If evidence is prematurely admitted such error may be cured by later evidence making it legal evidence.

■ The evident purpose, as well as effect of this letter, was to corroborate defendant's witness as to the interview over the telephone. It was a self-serving declaration, and was inadmissible, unless under some condition recognized in the law of evidence. We are of opinion it was inadmissible in this case. Goodwin v. Riddle, 204 Ala. 216, 85 So. 433; Hamilton v. Cranford Mercantile Co., 201 Ala. 403, 78 So. 401; Pope v. State, 168 Ala. 33, 45, 53 So. 292; Learned v. Tillotson, 97 N.Y. 1, 49 Am.Rep. 508.

We think the reasoning of the New York Court of Appeals in the last cited case is sound. We quote:

" 'From an examination of the cases, we think that a distinction exists between the effect to be given to oral declarations made by one party to another, which are in answer to or contradictory of some statement made by the other party, and a written statement in a letter written by such party to another. It may well be that under most circumstances what is said to a man to his face, which conveys the idea of an obligation upon his part to the person addressing him, or on whose behalf the statement is made, he is at least in some measure called upon to contradict or explain; but a failure to answer a letter is entirely different, and there is no rule of law which requires a person to enter into a correspondence with another in reference to a matter in dispute between them, or which holds that silence should be regarded as an admission against the party to whom the letter is addressed. Such a rule would enable one party to obtain an advantage over another and has no sanction in the law.' "

Count 4 of the complaint charged negligence in that the driver of the truck violated a rule of the road as amended by order of the State Highway Director and approved by the Governor, which reads:

"(b) When any motor vehicle used for the carriage of passengers or any motor truck or commercial motor vehicle is stopped on the travelled portion of any highway outside the corporate limits of any city or town for a purpose other than taking on or discharging passengers or freight or complying with traffic requirements, the operator thereof shall cause to be displayed in a prominent position above the surface of the highway at a distance of approximately three hundred feet from such vehicle in the direction whence it was coming and also in the direction in which it was proceeding, a brilliant burning danger or caution signal, or a red reflex reflector at least 6 inches in diameter, if such stopping occurs between one-half hour after sunset and one-half hour before sunrise or if the weather conditions are such as to provide low visibility, or red warning flag if stopping occurs at any other time."

Evidence tended to support this count. Flares were placed before and behind the standing truck, but strong evidence went to show they were placed so near the truck as to be no substantial compliance with the rule.

The court, at the request of defendant, gave Charge 12, reading: " '12. I charge you that the statutes of Alabama do not prohibit the parking of a vehicle on the highway provided proper lights are burning on it and provided a clear and unobstructed width of not less than 15 feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, and a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway.' "

This charge is based on the provisos in Section 25(a), following the portion quoted, supra. This addition reads: "Provided, in no event shall any person park or leave standing any vehicle, whether attended, or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in each direction upon such highway."

■ This clause does not strike out the requirement, found in same section, that the vehicle shall be left standing "off of the paved * * * portion" of the highway, if practicable. (Italics supplied.)

If, by reason of the condition of the shoulders of the road, it is impractical to clear the pavement, the proviso requires the driver to select a place for parking as therein prescribed. All of section 25(a)

.deals with voluntary, not unavoidable stopping, as defined in subdivision c, supra.

Evidence in this case tended to show it was practical to park the truck off the paved portion of the highway, clear of the pavement, avoiding any obstruction to passing cars, liable to appear at any moment.

Charge 12, in view of the evidence, was erroneous in declaring the statutes required no more than compliance with the provisos, supra. It invaded the province of the jury.

Moreover, the charge would naturally impress the jury that if there was a clearance of 15 feet on the pavement, and proper lights on the truck, the law was complied with, and there was no actionable negligence. This entirely ignored Count 4, setting up the additional safety precautions at night, namely, flares of the kind and placed at the approximate distance of 300 feet, as required by the regulation set out in said count, which went to the jury.

The issue of contributory negligence was for the jury.

For the errors indicated the judgment is reversed and cause remanded.

Reversed and remanded.

GARDNER, C. J., FOSTER, and LIVINGSTON, JJ., concur.